UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOUCH-N-BUY, LIMITED PARTNERSHIP,

    Plaintiff,

v.

GIROCHECK FINANCIAL, INC.,

    Defendant.
_____/

Case No. 15-10863

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S RULE 59(e) MOTION AND AMENDING THIS COURT'S PRIOR FINDINGS OF FACTS AND CONCLUSIONS OF LAW AND AMENDING THE FINAL JUDGMENT**

The Court held a breach of contract bench trial in this case August 1-4, 2017. On February 5, 2018, the Court issued its Findings of Fact and Conclusions of Law [74] and awarded Plaintiff Touch-N-Buy, LP ("Plaintiff") $40,390.45 plus interest in damages. Defendant GiroCheck Financial, Inc. ("Defendant") subsequently filed this Motion to Amend/Correct the Judgment, pursuant to Federal Rules of Civil Procedure 59(e) seeking to offset Plaintiff's judgment award with a previously issued Defendant award of attorney fees and costs. The Court having read the pleadings DENIES Defendant's request to offset the two money awards. The Court does however, for the reasons set forth below, amend its prior Findings of Fact and Conclusions of Law [74] and Plaintiff's Judgment [75], pursuant to Fed. R. Civ. P. 60, to clarify the interest portion of Plaintiff's damages award.

**I.    Statement of Facts**

The background facts of this matter are set forth in great detail in the Findings of Fact and Conclusions of Law. (Dkt. 74.) Only a brief summary of pertinent facts is included here below.

On July 12, 2012, Plaintiff and Defendant entered into a valid and enforceable agreement. On October 13, 2014 Defendant officially terminated the agreement. On March 9, 2015 Plaintiff filed suit against Defendant, alleging breach of contract, fraud, violation of the Michigan Sales Representative Commission Act ("SRCA"), and seeking exemplary damages. Defendant filed three counterclaims. On May 23, 2016, the Court addressed cross motions for summary judgment, granting in part Defendant's motion for summary judgment, and denying Plaintiff's motion for patrial summary judgment. (Dkt. 43.) Under SRCA, Defendant, having won on summary judgment, was entitled to reasonable attorney fees and costs. (Dkt. 43, at 10-11.) The Court later awarded Defendant $11,698.38 in reasonable attorney fees and court costs. (Dkt. 52.) Both parties acknowledge this award has not yet been paid to Defendant.

August 1-4, 2017, the Court held a bench trial on Plaintiff's remaining breach of contract claim. On February 5, 2018, the Court issued its Findings of Fact and Conclusions of Law (Dkt. 74), determining Defendant had breached the contract. The Court awarded Plaintiff breach of contract damages of $40,390.45 *plus interest*. (emphasis added) (Dkt. 74.) Defendant now brings a motion, pursuant to Fed. R. Civ. P. 59(e), to amend the order and judgment to offset Plaintiff's judgment amount with the earlier Defendant award of attorney fees. Defendant states, "[f]or the sake of efficiency, to honor and acknowledge that both parties in this matter have been awarded monies by the [C]ourt and in an attempt to avoid having the parties piece-meal the payment of their respective awards, Defendant

requests that the Court amend its February 5, 2018 Judgment to order that Defendant's award of attorney fees and costs of $11,698.38 be setoff against Plaintiff's Judgment of $40,390.45 to reflect that Plaintiff is entitled to Amended Judgment amount of $28,691.07 with interest accruing from the date an Amended Judge is entered." (Dkt. 76, at 3; PgID 2198.) Plaintiff responds, "Defendant's motion is to allow Defendant to escape from interest in two respects. First, the reduction of Plaintiff's judgment lower the amount of interest which should have been accruing since the entry of the Judgment on February 5, 2018. Secondly, allowing interest to accrue as of the entry of this proposed Amended Judgment will allow Defendant to potentially escape from paying any interest whatsoever." The Court now clarifies the interest calculation and considers the question of setoff below.

**II.     Analysis**

1.     Federal Rules of Civil Procedure Rule 60(a)

The Court finds it prudent to address an issue that the Parties briefs' have illuminated. In the Court's Findings of Fact and Conclusions of Law, as well as the Court's Judgment Order, the Court awarded Plaintiff damages "with interest." The Court failed to provide explicit explanation that the Court was awarding both prejudgment and post-judgment interest. This order amends the Court's February 5, 2018 Findings of Fact and Conclusions of Law, and the Judgment to make the clarification.

Rule 60(a) provides, in relevant part, that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of it own initiative or on the motion of any party. . . ." Fed.R.Civ.P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d

434, 440 (6th Cir. 2002). The rule does not authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment. *Id.* "[A] court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.' " *Id* at 441 (quoting *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)). *See also Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998) (finding Rule 60(a) supported correction of the judgment to reflect the previously omitted specific amount of prejudgment interest awarded).

As the Court found in its previous orders, and as agreed to by both parties, Florida law governs the contractual agreement between the parties, including any breach. In diversity cases, such as this, state law governs only awards of prejudgment interest and federal law controls post-judgment interest pursuant to 28 U.S.C. § 1961(a). *See e.g. Broad Street Energy Co. v. Endeavor Ohio, LLC*, 806 F.3d 402, 410 (6th Cir. 2015) (observing that "[f]ederal law governs" the calculation of post-judgment interest); *Estate of Riddle v. So. Farm Bur. Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) ("In diversity cases in this Circuit, federal law controls post-judgment interest but state law governs awards of pre-judgment interest.") (internal quotation marks and citations omitted).

    A. Prejudgment Interest

In *Argonaut Ins. Co. v. May Plumbing Co.*, the Florida Supreme Court distilled over a century of precedent governing awards of prejudgment interest in tort and contract cases, concluding that prejudgment interest awards in Florida are governed by the "loss theory." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 214-15 (Fla. 1985). Thus, "an award of prejudgment interest is not an opportunity for the plaintiff to obtain a windfall or

4

for the court to penalize the defendant." *Arizona Chemical Co., LLC v. Mohawk Industries, Inc.*, 197 So.3d 99, 102 (Fla. Dist. Ct. App. 2016); *See also Nat'l Educ. Ctrs., Inc. v. Kirkland*, 678 So.2d 1304, 1306 (Fla. 4th DCA 1996). In consideration of the compensatory goal of prejudgment interest awards in Florida, "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, *as a matter of law*, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut*, 474 So.2d at 215 (emphasis added). A verdict is said to have the effect of liquidating damages as long as the verdict establishes the loss and "the pertinent date can be ascertained from the evidence." *Pace Property Fin. Auth., Inc. v. Jones*, 24 So.3d 1271, 1272 (Fla. 1st DCA 2009). In *Bosem v. Musa Holdings, Inc.*, 46 So.3d 42, 46 (Fla. 2010) (quoting William B. Hale, The Law of Damages, § 67 (2d ed. 1912)), the court stated that, whether the cases arises in tort or contract, if the plaintiff's damages are "wholly pecuniary," the plaintiff should recover "not only the value of what he has lost, but receive it as nearly as may be as of the date of his loss."

Here, as laid out in painstaking detail, the damages awarded to Plaintiff are pecuniary. "Generally, interest awarded as damages in a contract action runs from the date when the right to recover on the claim became vested or accrued, which is ordinarily the date of the breach." *Craigside, LLC v. GDC View, LLC*, 74 So.3d 1087, 1092 (Fla. 1st DCA 2011). The pecuniary losses caused by Defendant's breach of contract include sales staff training expenses, sales staff commission payments, expenses for installation, and the expenses for post installation service calls. Although these occurred at various times over the duration of the parties' relationship, the losses became fixed and recoverable on the date Defendant terminated the contract on October 13, 2014. Therefore Plaintiff is

awarded prejudgment interest on the $40,436.75 damages amount, beginning October 13, 2014, through February 5, 2018, the date Plaintiff's Judgment was entered.

Under Florida law, the applicable rate of prejudgment interest is stated in Florida Statute Section 55.03 and the prejudgment interest is the rate effective at the time of entitlement. *TracFone Wireless, Inc. v. Hernandez*, 196 F.Supp.3d 1289, 1303 (S.D.Fla 2016) (citing *IberiaBank v. Coconut 41 LLC*, 984 F.Supp.2d 1283, 1300 (M.D. Fla. 2013)). On October 14, 2014 that rate was 4.75%.

Calculating the per day interest due on $40,436.75 at 4.75% interest is $5.26 per day. There were 1,212 days between the date Defendant terminated the contract on October 13, 2014 and the day the Court entered its final judgment. This results in $6,377.93 in prejudgment interest due in addition to the $40,436.75 in damages. ($40,436.75 x 4.75% / 365 days in a year = $5.26 per day x 1,212 days = $6,377.93)

"The computation of prejudgment interest is "a mathematical computation" and "a purely ministerial duty," so no finding of fact is needed, and no discretion is permitted." *TracFone Wireless*, 196 F.Supp.3d at 1303-04 (citing *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007). The total prejudgment interest therefore is $6,377.93 and becomes part of the single total sum due and owing and then earns post-judgment interest at the statutory rate. *Genser v. Reef Condo. Ass'n, Inc.*, 100 So.3d 760, 7652 (Fla. Dist. Ct. App. 2012) (citing *Quality Engineered Installation, Inc. v. Higley South, Inc.*, 670 So.2d 929, 931 (Fla. 1996)).

The Court finds that the calculation of prejudgment interest does not leave Plaintiff in a better position than it would have been without the breach, nor does it result in manifest injustice.

B. Post-Judgment Interest

The total amount subject to post-judgment interest is $40,436.75 + $6,377.93 = $46,814.68.

Defendant asks the Court, pursuant to Fed. R. Civ. P. 62(b)(3) to reflect that post-judgment interest on Plaintiff's award commences on the date this Motion to Amend Judgment is adjudicated. Defendant's request is granted. Pursuant to Rule 62(b)(3) the Court will stay the execution of its February 5, 2018 Judgment, pending disposition of Defendant's Rule 59 motion herein.

Federal law controls post-judgment interest. *Estate of Riddle*, 421 F.3d at 409 (citing *F.D.I.C. v. First Heights Bank*, 229 F.3d 528, 542 (6th Cir. 2000). The Court applies 28 U.S.C. § 1961 to determine the federal rate of interest for application of post-judgment interest. Section 1961(a) provides, in pertinent part "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . .Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Interest will accrue pursuant to 28 U.S.C. § 1961(a) beginning the date of this order until the indebtedness is paid in full.

2. Defendant's Motion to Amend the Judgment for Setoff Pursuant to Rule 59

Defendant's Motion to Amend pursuant to Fed.R.Civ.P. 59(e) seeks to offset Plaintiff's February 2018 Judgment (Dkt. 75) by the $11,698.38 the Court awarded Defendant for attorney fees and costs in August 2016 under SRCA pursuant to M.C.L. § 600.2961(6). Under the Federal Rules of Civil Procedure, in executing a judgment one

7

"must accord with the procedures of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. 69(a)(1). No federal statute governs the execution of the breach of contract and SRCA attorney fees awards and therefore the Court turns to Michigan law.

The Sixth Circuit states "[t]he right to setoff is a widely recognized common law right which allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' " *Gordon Sel-Way v. United States*, 270 F.3d 280, 290 (6th Cir. 2001) (quoting *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995)). The principle that countervailing judgments may be set off against one another is rooted in common law. *See In re Gordon*, 270 F.3d at 290; *Ludsted v. JRV Holdings, LLC*, 2016 WL 16665154 at *3 (E.D.Mich April 4, 2017) (Ludington J.). The law in Michigan regarding setoff was explained in *Siciliano v. Mueller*, 2001 WL 1699801 (Mich. Ct. App. Dec. 28, 2001). The court stated:

> Setoff is a legal or equitable remedy that may occur when two entities that owe money to each other apply their mutual debts against each other. Generally, the setoff and the action must be between the same parties and in the same capacity or right, and the court can look through the transactions and nominal parties to determine the real parties in interest. A setoff requires a mutuality of debt between the same real parties in interest, where the demands of the mutually indebted parties are set off against each other and only the balance recovered. However, setoff rests on opposing claims that are enforceable in their own right. A claim for set off need not arise out of the same transaction as that sued on. If the parties are mutually indebted, there may be a setoff regardless of whether the debt arises out of the same contract or transaction.

*Id.* at *6 (internal quotations and citation omitted). Some courts have limited the right of setoff when the setoff includes attorney fees, although none under circumstances at issue here. See *Lundsted v. JRV Holdings, LLC*, 2016 WL 1665154 (E.D.Mich. Apr. 27, 2016)

8

(Ludington J.) (holding an award of reasonable attorneys' fees is not subject to offset against a Fair Debt Collection Practices Act judgment); *Brown v. Mandarich Law Grp., LLP*, 2014 WL 2860631 (N.D. Cal. June 23, 2014) (deciding attorney fees are not subject to setoff because of four factors including public policy, priority in time of the competing claims, separateness of the two actions seeking to be offset, and the nature of the attorney-client contract). Michigan courts have also held where setoff may implicate an attorney's charging lien, the attorney's charging lien takes precedence over the offset. *Mahesh v. Mills*, 237 Mich.App. 359 (1999) (citing *Wells v. v. Elsam*, 40 Mich. 218, 220 (1879)). Plaintiff and Defendant's two awards are between the same parties and would offset the mutually indebted real parties in interest, suggesting that setoff here would be possible.

Where, as here, there is no statutory mandate authorizing setoff, then the right to setoff is a matter in equity. *Walker v. Farmers Ins. Exch.*, 572 N.W.2d 17, 20 (Mich. Ct. App. 1997). Here, the Court sees no need for this equitable remedy. Defendant states they seek setoff "for the sake of efficiency, to acknowledge and honor awards to and against both parties and to limit unnecessary expenses and burden on the parties and the court in having to piece-meal payment and satisfaction of the countervailing awards." (Dkt. 76, at 5; PgID 2200.) Efficiency is worthy but as there is no indication that either party is unable or unwilling to make the necessary cross payments, the Court will allow the two separate awards to stand.

The Sixth Circuit has held that the "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). Federal Rule of Civil

Procedure 59(e) authorizes the parties to move for a court to alter or amend a judgment within twenty-eight days after the judgment has been entered. Fed. R. Civ. P. 59(e). Defendant's motion was timely filed under Rule 59(e). While there must be a reason why the court should amend its prior judgment, "[t]he disposition of a motion filed under Rule 59(e) is entrusted to the court's sound discretion." *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). A court may grant relief under Rule 59(e) to: (1) accommodate an intervening change in controlling law; (2) account for new evidence which was not previously available at trial; or (3) correct a clear error of law or to prevent manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, F.Supp.2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Industries, Inc. v. Ford Motor Company*, 175 F.R.D. 251, 254 (E.D.Mich. 1997)).

The Court denies Defendant this request. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("the grant or denial of a Rule 59(e) motion is within the informed discretion of the district court.") The Court finds no equitable principle requiring the setoff and Defendant has not presented any argument to suggest the separate judgments will result in manifest injustice.

**IV.    Conclusion**

For the reasons set forth above, it is hereby ordered that:

Defendant's motion to alter or amend Plaintiff's Judgment to reduce it by the awarded attorney fees and costs is DENIED under Rule 59(e);

Pursuant to Fed. R. Civ. P. 62(b)(3) post-judgment interest on Plaintiff's award commences on the date this Opinion and Order Denying Defendant's Motion to Amend Judgment is filed.

It is further ORDERED that the Court's Findings of Fact and Conclusions of Law dated February 5, 2018 and the Court's Judgment also dated February 5, 2018 is MODIFIED as reflected herein, pursuant to Rule 60(a), to reflect the prejudgment interest amount.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 7, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager